IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> COMPLETE MASONRY SOLUTIONS, INC., <br><br> Defendant. | Case No. 07 C 3960 <br><br> Judge Manning |

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, by their attorney, state:

1. On July 19, 2007, plaintiffs filed the instant lawsuit under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and under the Labor Management Relations Act, 29 U.S.C.§ 185, seeking unpaid contributions owed to the plaintiffs, the Laborers' Health and Welfare and Pension Funds (hereinafter the "Funds") from July 22, 2006 through December 31, 2006, as disclosed by an audit report and from March 2007 through the present. The report covering the period from July 27, 2006 through December 31, 2006, is attached to the Complaint as Exhibit B.

2. On November 29, 2007, this court entered a default judgment and an order compelling an audit of the Company's books and records, for the period after December 31, 2006.

1

3. The Funds' designated auditors from Richard Wolf and Company performed a second audit covering the period from January 1, 2007 through December 31, 2007. Both audits reports are attached to the Funds' Field Representative, Joseph Gilleran's affidavit, Exhibit A. As established by Mr. Gilleran, the auditors reviewed the Company's records reflecting contributions due to the Funds. Gilleran indicates that the July 27, 2006 through December 31, 2006 audit report reflects that the Funds are owed $2,484.00 in principal contributions to the Welfare, Pension, Training, LECET, LMCC, CAICA Funds and for Union dues. (Exhibit A ¶3). Gilleran further indicates that the January 1, 2007 through December 31, 2007 report reflects $43,105.47, in principal contributions to the Welfare Pension Training, LECET, LMCC, CAICA and for Union dues. (Exhibit A ¶4).

4. According to the parties' Collective Bargaining Agreement and the Trust Agreements, liquidated damages are owed for unpaid contributions in the amount of 10% (ten percent) for the period before June 1, 2007 and in the amount of 20% of the unpaid contribution for the period after June 1, 2007. Interest is owed accruing at the prime rate as charged by the Chase Bank plus two percent. As established by Mr.Gilleran's affidavit, liquidated damages are owed in the amount of $248.40 for the 2006 report and are owed in the amount of $7,372.36, for the 2007 report. Interest is owed in the amount of $175.11 for the 2006 report and $1,206.05 for the 2007 report.

5. Mr. Gilleran establishes that past due penalties owed are owed in the amount of $241.59, and that the auditor's costs billed to the Funds were $1,200.00.

6. According to the collective bargaining agreement, the Company is also required to obtain and maintain a surety bond to guaranty wages and fringe benefit contributions in an amount not less than $5,000.00. In addition, all contributing employers are responsible to pay contributions

to the Funds by the 10th day of the month after the month in which the work was performed. Mr. Gilleran states that this Company has not posted a surety bond with the Funds.

    7.    Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(D) An affidavit of Karen I. Engelhardt establishes that the amount of attorneys' fees incurred in this matter are $3,985.00, and $425.00 in costs (See, Exhibit B.).

**WHEREFORE,** plaintiffs request entry of a judgment against Complete Masonry Solutions, Inc., in a total amount of $ 60,201.39, which consists of principal contributions, damages, interest, audit costs, attorneys' fees and court costs, and plaintiffs request an order requiring defendant to maintain a surety bond and an order requiring the Company to pay current delinquencies as they become due.

    Respectfully submitted,

    /S/ Karen I. Engelhardt
    One of Plaintiffs' counsel

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400
ARDC # 03128850

May 7, 2008