## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and JAMES S. )
JORGENSEN, Administrator of the Funds, )
                                   )
               Plaintiffs, )
                                   )
        v. )             **Case No. 07 C 3960**
                                     )
COMPLETE MASONRY SOLUTIONS, INC., )
                                     )     **Judge Manning**
              Defendant. )

## PLAINTIFFS' MOTION FOR DAMAGES

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively the "Funds"), and James S. Jorgensen, by their attorney, file this renewed motion for

damages seeking judgment based on two audit reports and state as follows:

1. On July 19, 2007, plaintiffs filed the instant lawsuit under the Employee Retirement

Income Security Act, 29 U.S.C. § 1001 *et seq.*, and under the Labor Management Relations Act, 29

U.S.C.§ 185, seeking unpaid contributions owed to the plaintiffs, the Laborers' Health and Welfare

and Pension Funds (hereinafter the "Funds") from July 22, 2006 through December 31, 2006, and

from March 2007 through the present. The Funds have two audit reports covering the periods from

July 27, 2006 through December 31, 2006, and from January 1, 2007 through December 31, 2007.

2. On November 29, 2007, this court entered a default judgment and an order compelling

an audit of the Company's books and records for the period after December 31, 2006. A copy of the order of default is attached hereto as Exhibit A.

3.      The Funds' designated the Richard J. Wolf & Company, Inc., to conduct two audits; one covering the period from July 22, 2006 through December 31, 2006 (hereafter referred to as the "2006 audit"), and the other covering the period from January 1, 2007 through December 31, 2007 ("2007 audit"). An affidavit of Daniel Coakley, an employee of Richard J. Wolf & Company, Inc., establishes that he personally reviewed the Companies' books and records and prepared two reports. Both audits reports are attached to Mr. Coakley's affidavit, which is attached hereto as Exhibit B. Mr. Coakley provides that as shown by the 2006 audit report, the Funds are owed $2,484.00 in principal contributions to the Welfare, Pension, Training, LECET, LMCC, CAICA Funds and for Union dues. (Exhibit B ¶3). Mr. Coakley further indicates that the Company records for the period of the 2007 audit reflect that the amount of $43,105.47, is owed in principal contributions to the Welfare Pension Training, LECET, LMCC, CAICA Funds and for Union dues. (Exhibit B ¶4).

4.      According to the parties' collective bargaining agreement, the Trust Agreements, and the Funds' policy which is set forth in an affidavit of the Funds' Field Representative, Joseph Gilleran, liquidated damages are owed for unpaid contributions in the amount of 10% (ten percent) for the period before June 1, 2007 and in the amount of 20% for the period after June 1, 2007. (Exhibit C ¶4) Mr. Gilleran establishes that liquidated damages in the amount of $248.40 are owed for contributions shown in the 2006 report and the amount of $7,372.36 (which includes amounts owed before and after June 1, 2007 time period) for the 2007 report. The Funds are also responsible to calculate the amount of interest owed. According to the Funds' Trust Agreements, interest accrues at the prime rate as charged by the Chase Bank plus two percent. For unpaid contributions

in the 2006 report interest has been computed in the amount of $175.11 and for the 2007 report in the amount of $1,206.05.

5.      Mr. Gilleran establishes that past due penalties owed are owed in the amount of $241.59, and that the auditor's costs billed to the Funds were $1,200.00.  (Exhibit C; See also, Coakley Affidavit, Exhibit B ¶5).

6.      According to the collective bargaining agreement, the Company is also required to obtain and maintain a surety bond to guaranty wages and fringe benefit contributions in an amount not less than $5,000.00., See, Exhibit C, Article IX, p. 22.  Mr. Gilleran states that this Company has not posted a surety bond with the Funds.  In addition, all contributing employers are responsible to pay contributions to the Funds by the 10th day of the month after the month in which the work was performed, and are entitled to a thirty day grace period before incurring late fees. See, Exhibit C, p. 18.)

7.      Pursuant to ERISA, 29 U.S.C.§1132(g)(2)(D), in an action to enforce payment of contributions to the Funds the "court shall award the plan ... reasonable attorneys' fees."   The collective bargaining agreement to which Complete Masonry Solutions is bound, also requires that the Employers pay all costs related to collection which include reasonable attorneys' fees, should the Trust Funds need to place the account with counsel. (Exhibit C, p. 18.)  Plaintiffs are entitled to attorneys' fees and costs.  An affidavit of Karen I. Engelhardt establishes the amount of $4,930.00 is owed in attorneys' fees and was incurred for time devoted to this matter.  In addition counsel's affidavit establishes that costs incurred in collection were $425.00 (See, Exhibit D).

**WHEREFORE,** plaintiffs request entry of a judgment against Complete Masonry Solutions, Inc.,  in a total amount of $61,146.39, which consists of principal contributions, damages, interest,

audit costs, attorneys' fees and court costs, and plaintiffs request an order requiring defendant to

maintain a surety bond and an order requiring the Company to pay current delinquencies as they

become due.

Respectfully submitted,

   /S/ Karen I. Engelhardt   
One of Plaintiffs' counsel

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400
ARDC # 03128850

June 10, 2008